No. 2361

Second Circuit Appeal

THE OUACHITA NATIONAL BANK OF MONROE v. JOHN A. FULLER

(June 30, 1925, Opinion and Decree.)

(June 22, 1925, Writ of Certiorari to Supreme Court Refused.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Judgment—Par. 243 ;244.

In a suit to foreclose a mortgage where nothing was seized before judgment, a judgment can be confirmed by default against a curator ad hoc. In this case it is one executory against the mortgaged property only as it is in rem and not in personam.

(See Code of Practice, Art. 206.)

Appeal from Sixth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Percy Sandel, Judge.

This is a suit to foreclose a mortgage by citation on a curator ad hoc.

The trial judge refused to confirm the default and plaintiff appealed.

Judgment reversed.

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for plaintiff; appellant.

A. L. Davenport, of Monroe, curator ad hoc, appellee.

CARVER, J. In this case the Judges of this court having certified the case to the Honorable Supreme Court for instructions and having by that court been instructed in the premises, it is decreed, for the reasons given by that court in its decision rendered June 22, 1925, hereby made a part hereof, that the judgment of the lower court be reversed; that the judgment by default taken in the District Court be confirmed; and that The Ouachita National Bank of Monroe do have judgment against John A. Juller for the sum of fifteen hundred, twenty-two and 04-100 dollars with eight per cent per annum interest on fifteen hundred dollars thereof from April 16, 1920, until paid, and ten per cent on the full amount of principal and interest as attorney's fees; and all costs of suit, with recognition of its mortgage on Southeast quarter of Northeast quarter and Northeast quarter of Southeast quarter of Section five Township sixteen North Range one East, and Southeast quarter of Northwest quarter of Section thirty-two Township seventeen North Range one East.

It is further decreed that this judgment be executory only against the above described property.

A. L. Davenport, curator ad hoc representing defendant, appellee.

Plaintiff, having a mortgage authentic in form, on real estate belonging to defendant, an absentee, and having paid taxes thereon, brought an ordinary suit against him for the amount of the mortgage and taxes so paid, asking that the judgment to be recovered be *in rem* only.

A *curator ad hoc* was appointed to represent defendant and citation directed "To John A. Fuller, A. L. Davenport *Curator ad hoc*", was duly served on the *curator*.

No seizure was asked for in advance of judgment.

A default having been taken, after the lapse of the legal delays plaintiff moved to confirm it and take judgment as prayed for.

It offered proof, deemed by the District Judge and also by us, sufficient to prove the demand, but the District Judge refused to permit confirmation of the default because he thought defendant not properly in court.

From this judgment plaintiff appealed.

Under section 25 of article VII of the Constitution of 1921, this court requests instructions from the Supreme Court as follows:

In view of Code Practice, section 206, which reads as follows:

"Citation being the essential ground of all civil actions in ordinary proceeding, the neglect of that formality annuls radically all proceedings had, unless the defendant have voluntarily appeared to the suit and answered the demand."

"But citation is not necessary in executory proceeding, nor when the preceedings are in rem against the thing as thereafter provided."

Is it sufficient, in a suit via ordinaria to enforce a mortgage against an absentee to appoint a curator and serve citation on him?

Or—

Should the plaintiff have proceeded either under Code of Practice, section 240, by attaching the mortgaged property and citing him by posting the attachment and citation on the door of the court room, 254, or under Code of Practice sections 292 to 294, both inclusive, covering proceedings strictly *in rem* and themeselves requiring preliminary seizure of the property as well as notices published three times in the official paper, if any, or if not, at the usual place of posting?

Respectfully.

Judges of the Court of Appeal of the State of Louisiana, second circuit.